

FILED
MAR 10 2022
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE,<br><br>              Plaintiff,<br><br>    v.<br><br>MERRICK B. GARLAND, *et al.*,<br><br>             Defendants. | Case: 1:22−cv−00722<br>Assigned To : Pan, Florence Y.<br>Assign. Date : 3/10/2022<br>Description: Employ. Discrim. (H−DECK)<br>Civil Action No.<br><br>Chief Judge Beryl A. Howell |

## MEMORANDUM AND ORDER

Plaintiff, a former Assistant Special Agent within the Office of Personnel Management's Office of Inspector General ("OPM-OIG"), who is currently employed by another federal agency and holds a Top Secret security clearance, has moved "to proceed without his home address in the Complaint" and "anonymously," Pl.'s Mot. to Proceed Anonymously ("Pl.'s Mot.") at 1, in his instant action alleging discrimination on the basis of race, *id.*  For the reasons set forth below, the motion is granted in part and denied in part, subject to any further consideration by the United States District Judge to whom this case is randomly assigned.[1]  Plaintiff's request to proceed under pseudonym is denied, but plaintiff may file his residence address under seal, in exception to D.D.C. LCvR 5.1(c) and 11.

### I.  BACKGROUND

Plaintiff is "a black man who has a long and distinguished career in law enforcement," Compl. ¶ 14, dating back as early as 1995, *id.* ¶ 16.  In August 2009, he was hired by OPM-

---

[1]     The instant motion has been directly referred to the undersigned Chief Judge for resolution.  *See* D.D.C. LCvR 40.7(f) (providing that the Chief Judge shall "hear and determine . . . in any case not already assigned: motion to seal the complaint, motion to seal the address of the plaintiff, and motion to file a pseudonymous complaint"); *see also* D.D.C. LCvR 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

OIG as a Special Agent/Criminal Investigator. *Id.* ¶ 19.  Over the course of his tenure there, he received multiple awards and promotions, eventually becoming, by 2017, supervisor of the "Special Investigations Unit, Headquarters Operations." *Id.* ¶¶ 21–22, 27.  Then, in May 2017, plaintiff's supervisor changed, *id.* ¶ 30, and his new supervisor, one of the named defendants in this lawsuit, allegedly "initiated a campaign to strip [plaintiff] of his duties and responsibilities," *id.* ¶ 31, which eventually lead to plaintiff's departure from the office "in September 2021 due to disparate treatment, retaliation, and a hostile working environment," *id.* ¶ 25.

Plaintiff now brings this suit alleging discrimination, retaliation, and hostile work environment on the basis of race, in violation of Title VI of the Civil Rights Act.  *Id.* ¶¶ 71–80.  Plaintiff seeks to proceed under pseudonym, and to file his full residence address under seal, because, as the holder of "a Top Secret level security clearance which provides him with access to information that is classified," including information related to "highly sensitive national security matters," he "must guard himself against situations that could place him at risk for compromising information."  Pl.'s Mot. at 1.  He further argues that pseudonymity is appropriate because "[t]he need to hold Defendants accountable for their actions should not be at the risk of Plaintiff's ability to maintain his ability to protect his identity."  *Id.*

## II.     LEGAL STANDARD

Generally, a complaint must state the names of the parties and address of the plaintiff. FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties."); FED. R. CIV. P. 11(a) (requiring "[e]very pleading, written motion, and other paper," including submissions by an unrepresented party, to "be signed" with "the signer's address, e-mail address, and telephone number"); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in

the caption the name and full residence address of the party," and "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR 5.1(c)(1)). The Federal and Local Rules thus promote a "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019) (internal citations omitted) (quoting *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 899 (D.C. Cir. 1996)). That "presumption of openness in judicial proceedings is a bedrock principle of our judicial system." *In re Sealed Case*, 971 F.3d 324, 325 (D.C. Cir. 2020) (citing *Courthouse News Serv. v. Planet*, 947 F.3d 581, 589 (9th Cir. 2020)). Accordingly, courts "generally require parties to a lawsuit to openly identify themselves to protect the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Id.* at 326 (internal quotation marks and alterations omitted) (quoting *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (per curiam)).

Despite the presumption in favor of disclosure, the Federal Rules of Civil Procedure provide a narrow set of circumstances in which a party or nonparty's name or other personal information may be redacted to protect privacy by limiting public access. *See, e.g.,* FED. R. CIV. P. 5.2 (a) (requiring, "[u]nless the court orders otherwise," use of only initials for minors, and only partial birthdates and social-security, taxpayer-identification, and financial account numbers); FED. R. CIV. P. 5.2(e)(1) (authorizing court order, for good cause, to "require redaction of additional information").

Courts also, in special circumstances, may permit a party to proceed anonymously. A party seeking to do so, however, "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name." *In re Sealed Case*, 971 F.3d at 326. Once that showing has been made, "the court must then 'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure.'" *Id*. (quoting *In re Sealed Case*, 931 F.3d at 96). When weighing those concerns, five factors, initially drawn from *James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993), serve as "guideposts from which a court ought to begin its analysis." *In re Sealed Case*, 931 F.3d at 97. These five factors are:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (citing *James*, 6 F.3d at 238).

At the same time, a court must not simply "engage in a wooden exercise of ticking the five boxes." *Id.* Rather, the "balancing test is necessarily flexible and fact driven" and the five factors are "non-exhaustive." *In re Sealed Case*, 971 F.3d at 326. In exercising discretion "to grant the 'rare dispensation' of anonymity . . . the court has 'a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted' . . . tak[ing] into account the risk of unfairness to the opposing party, as well the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Microsoft Corp.*, 56 F.3d at 1464 (quoting *James*, 6 F.3d at 238 (other internal citations and quotation marks omitted)).

### III. DISCUSSION

At this early stage of the litigation, this Court is not persuaded that plaintiff has met the burden of showing that his privacy interests outweigh the public's presumptive and substantial interest in knowing his identity.  Plaintiff has articulated no privacy interest sufficient to rebut the presumption in favor of open proceedings.

Plaintiff addresses the first two *James* factors—whether the request to proceed pseudonymously is motivated by a desire "merely to avoid . . . annoyance [or] criticism," or to "preserve privacy in a matter of [a] sensitive and highly personal nature," and whether disclosure of his identity "poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties," *In re Sealed Case*, 931 F.3d at 97—in tandem.  Plaintiff argues that pseudonymity is justified because he "holds the highest level of security clearance" and "is privy to classified information required to perform his job duties as an investigator," and as such proceeding "under his name creates a danger that he will be over-exposed, creating too much public attention" and exposing him "to a far greater risk of being targeted for threats of violence or retaliation from subjects of investigation, or exploitation by foreign intelligence entities."  Pl.'s Mot. at 2–3.

Both of these factors weigh against plaintiff.  Plaintiff's ambiguous fears of overexposure, based on his holding of a high-level security clearance, appear, at this stage, more akin to a mere desire "to avoid the annoyance and criticism that may attend any litigation." *In re Sealed Case*, 931 F.3d at 97.  The mere fact that plaintiff holds a high-level security clearance, as do hundreds, if not thousands, of others in the Washington, D.C. area, is insufficient to rebut the "constitutionally-embedded presumption of openness in judicial proceedings." *Microsoft Corp.*, 56 F.3d at 1464.  Furthermore, plaintiff is suing his former

5

supervisor and others at OPM-OIG, at least one of whom is apparently still employed in the office, *see* Compl. at 1–2, and using their full names to do so, but plaintiff offers no explanation why using defendants' full names does not create the same risks for violence, retaliation, or exploitation to OPM-OIG's investigations and operational team.  Nor does plaintiff elaborate on the risks proceeding under his own name will pose to him in his new employment, given that he has left OPM-OIG and now works for "another federal agency not involved in the alleged acts."  Pl.'s Mot. at 1.

While this Court has in the past granted pseudonymity to plaintiffs working in national security, the decision to do so was based on expansive allegations of the risks to plaintiffs' safety and national security roles presented by using their real names, rather than thin and vague assertions as plaintiff offers here.  *See, e.g., Bird v. Barr*, No. 19-cv-1581 (BAH), 2019 WL 287023, at *5 (D.D.C. July 3, 2019) (granting motion to proceed under pseudonyms where plaintiffs each "submitted a declaration detailing how her safety and career could be jeopardized if her name were to be revealed," including because she worked "in an undercover position," worked "with foreign military personnel and fear[ed] her interaction with them could be impaired if her role in this case were known," and feared that "public exposure could directly interfere with her cases . . . supporting NYC's Counter-Terrorism squad").

The third *James* factor also weighs slightly against granting plaintiff's motion, as plaintiff is an adult and does not allege the interests of minor children are at stake.  *See In re Sealed Case*, 931 F.3d at 97 (quoting *James*, 6 F.3d at 238).

As for the fourth *James* factor, "there is a heightened public interest when an individual or entity files a suit against the government," *In re Sealed Case*, 971 F.3d at 329, as

in the instant lawsuit.  Thus, this factor weighs against granting plaintiff's motion for anonymity.  *Cf id.* (describing public interest as particularly great where regulated entity sued government agency regarding "special exemptions" from statutory obligations).

The fifth *James* factor, however, weighs in favor of granting plaintiff's request, as defendants would suffer no "risk of unfairness" if the motion were granted.  *In re Sealed Case*, 931 F.3d at 97.  The plaintiff's identity is already known to defendants through plaintiff's complaint before the EEOC administrative process.  Pl.'s Mot. at 3.  Thus, allowing the plaintiff to proceed pseudonymously would not compromise the defendants' ability to defend this action.

Taking these factors together, plaintiff has presented no compelling justification for "the rare dispensation of pseudonymous status," *In re Sealed Case*, 971 F.3d at 328, and thus has failed to demonstrate a need for secrecy or identify consequences likely to befall plaintiff if he proceeds in his own name.

At the same time, the Court will grant plaintiff's request not to provide his address by waiving the requirements of D.D.C. LCvR 5.1(c) and 11, which requirements are currently under consideration by the Court for revision.  *See* Notice of Proposed Local Rule Change and Opportunity To Comment as to LCvR5.1(c)(1). 11.1, 7(k), available at: https://www.dcd.uscourts.gov/sites/dcd/files/local_rules/Post.pdf.  Plaintiff may instead file his full residence address under seal, as he requests.  Pl.'s Mot. at 1.

IV.     **CONCLUSION AND ORDER**

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiff's Motion to Proceed Anonymously is **GRANTED IN PART** and **DENIED IN PART**, subject to any further consideration by the United States District Judge to whom this case is randomly assigned; it is further

**ORDERED** that the plaintiff' request to proceed under pseudonym is **DENIED**; it is further

**ORDERED** that the plaintiff's request to file his full residence address under seal is **GRANTED**; it is further

**ORDERED** that the Clerk of Court shall not file plaintiff's Complaint on the docket unless it is filed with plaintiff's full name, in accordance with this Memorandum and Order.

**SO ORDERED.**

Date: March 10, 2022

*Beryl A. Howell*
BERYL A. HOWELL
Chief Judge